UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                              Case No. 6:22-bk-03418-LVV

Malibu Bay Homeowners Association Two, LLC,         Chapter 11

      Debtor(s).

_____/

MALIBU BAY HOMEOWNERS ASSOCIATION TWO, LLC
PLAN OF REORGANIZATION

                                     Morgan Law, P.A.
                                     Eric A. Morgan
                                     Florida Bar Number 0021895
                                     2800 Aurora Road, Ste. J
                                     Melbourne, Florida 32935
                                     (321) 253-6223
                                     SpaceCoastLawyer@gmail.com
                                     *Counsel for the Plan Proponent,*
                                     *Malibu Bay Homeowners Association Two, LLC*

# ARTICLE 1
# SUMMARY

This plan of Reorganization (the "Plan") is filed in accordance with Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") by Malibu Bay Homeowners Association Two, LLC (the "Debtor" and "Plan Proponent") and provides for i) the Debtor's retention of all property of the estate; ii) the modification of the senior lien encumbering property of the estate by substituting the Debtor as the mortgagor; iii) satisfaction and striping all junior liens encumbering property of the estate; iv) paying the modified senior lienholders the value of the collateral; plus interest, in deferred cash payments on a monthly basis; and v) paying unsecured creditors one hundred percent (100%) of their claims. The Debtor is the proponent of the Plan within the meaning of Section 1129 of the Bankruptcy Code.

This Plan provides for 3 classes of secured claims; one (1) class of general unsecured claims; and one (1) class of interest. This Plan also provides for the payment of administrative and priority claims upon the Effective Date of the plan (defined below) as agreed or as allowed under the Bankruptcy Code. All creditors should refer to Articles 2 through 10 of this Plan for information regarding the precise treatment of their claim. The disclosure statement circulated with this Plan provides adequate information enabling interested parties to make informed decisions regarding this Plan and the rights of interested parties (the "Disclosure Statement"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

## ARTICLE 2
## CLASSIFICATION OF CLAIMS AND INTEREST

2.01    Class 1:    The secured claim held or serviced by Bank of America, N.A. to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

2.02    Class 2:    The secured claim held or serviced by The Bank of New York Mellon to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

2.03    Class 3:    The secured claim held or serviced by U.S. Bank National Association to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

2.04    Class 4:    The secured claim held or serviced by Broward 202029 Business Trust to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

## ARTICLE 3
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
## U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims: Under Section 1123(a)(1), administrative expense claims and priority tax claims are not considered as "class" under the Bankruptcy Code.

3.02    Administrative Expense Claims: Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the Effective Date of this Plan (as defined in Article 7), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims: Each holder of a priority tax claim will be paid in regular monthly installments the total value of such claim as of the Effective Date of this Plan, equal to the allowed amount of such claim over a period of five years from the Effective Date of the Plan.

3.04    United States Trustee Fees:    All fees required to be paid by 28 U.S.C. § 1930(a)(6) (the U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or

converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE 4
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interest shall be treated as follows under this Plan:

**Class 1 - Secured Claim Held or Serviced by Bank of America, N.A.**    *Impaired*

The claim of Bank of America, N.A., in the amount of $413,503.27 is allegedly a secured claim. This debt is secured by the real property and improvements located at 7353 Lawn Tennis Lane, Jacksonville, FL 32277. However, the value of this property is much lower than the amount allegedly owed to this creditor. Debtor intends to file a motion to value collateral, and possibly cram down the secured lien of Bank of America, N.A.

Class 1 is impaired by this Plan. Class 1's interest and the estate's interest in real property and improvements located at 7353 Lawn Tennis Lane, Jacksonville, FL 32277 is $240,000.00 (see the "Class 1 Value").

**Class 2 - Secured Claim Held or Serviced by The Bank of New York Mellon**    *Impaired*

The claim of The Bank of New York Mellon, in the amount of $262,060.27 is allegedly a secured claim. This debt is secured by the real property and improvements located at 954 Lake Destiny Road, #H, Altamonte Springs, FL 32714. However, the value of this property is much lower than the amount allegedly owed to this creditor. Debtor intends to file a motion to value collateral, and possibly cram down the secured lien of The Bank of New York Mellon.

Class 2 is impaired by this Plan. Class 2's interest and the estate's interest in real property and improvements located at 954 Lake Destiny Road # H, Altamonte Springs, FL 32714 is $170,000.00 (see the "Class 2 Value").

4

**Class 3 - Secured Claim Held or Serviced by U.S. Bank National Association** *Impaired*

The claim of U.S. Bank National Association, in the amount of $468,339.43 is allegedly a secured claim. This debt is secured by the real property and improvements located at 626 NW 208th Way, Pembroke Pines, FL 33029. However, the value of this property is much lower than the amount allegedly owed to this creditor. Debtor intends to file a motion to value collateral, and possibly cram down the secured lien of U.S. Bank National Association.

Class 3 is impaired by this Plan. Class 3's interest and the estate's interest in real property and improvements located at 626 NW 208th Way, Pembroke Pines, FL 33029 is $210,000.00 (see the "Class 3 Value").

**Class 4 - Secured Claim Held or Serviced by Broward 202029 Business Trust** *Impaired*

The claim of Broward 202029 Business Trust, in the amount of $10,000.00 is allegedly a secured claim. This debt is secured by the real property and improvements located at 626 NW 208th Way, Pembroke Pines, FL 33029. However, the value of this property is much lower than the amount allegedly owed to this creditor. Debtor intends to file a motion to value collateral, and possibly cram down the secured lien of U.S. Bank National Association.

Class 4 is impaired by this Plan. Class 4's interest and the estate's interest in real property and improvements located at 626 NW 20th Way property is $0.00 (see the "Class 4 Value"). Class 4's interest in the 626 NW 20th Way property is of inconsequential value.

The holder of the Class 4 claim will receive no distributions under this Plan. Class 4 is deemed to have rejected this Plan. Upon confirmation of this Plan under 11 U.S.C. § 1129(b), the secured status of Class 4 shall be determined to be wholly unsecured and the recorded lien shall be stripped from the 626 NW 20th Way property as of the effective date of this Plan.

## ARTICLE 5
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim: A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: i) a proof of claim has been filed or deemed filed, and the Plan Proponent or another party has filed an objection; or ii) no proof of claim has been filed, and the Plan Proponent has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim: No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims: The Plan Proponent will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Civil Procedure.

## ARTICLE 6
## PROVISIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases:

(a) The Plan Proponent assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plain as provided in Article VII:

All residential leases with all tenants.

(b) The Plan Proponent will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 of this Plan or before the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THIS PLAN

7.01     Property of the Estate; Release of Liens: The Plan Proponent shall retain all property of the estate and such property shall revest in the Plan Proponent on the Effective Date of the Plan. Thereafter, the Plan Proponent may use, acquire, and dispose of its property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court. As of the Effective Date of this Plan, all property retained by the Plan Proponent shall be free and clear of any all liens and interests except as specifically provided in the Plan to the extent of the value provided to each Class as set forth in Article IV of this Plan or the order confirming the Plan.

7.02     Replacement Senior Mortgages: Upon confirmation of this Plan, Oleh Vaselov shall be appointed as attorney in fact so to execute any and all documents on behalf of any holder and/or servicer of the first mortgage encumbering each Property necessary to effectuate a replacement mortgage or a substitute mortgage having the effect of naming the holder of the mortgage as mortgagee and each land trust as the mortgagor securing the post-confirmation debt service on account of each property dealt with under the Plan.

7.03     Duty to Correctly Credit Payments/Debtor Payments Considered Made Under the Plan: Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of liens, mortgages and/or deeds of trust to recalibrate any accounting system designed to account for distributions made under this Plan to the value of each claim as provided under this Plan and to apply the direct post-petition monthly payments paid on account of the Plan Proponent to the month in which each payment was paid, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account. All payments made to any creditors on account of the Plan

Proponent after confirmation of this Plan shall be considered made under this Plan regardless of whether this Case is substantially consummated, a final decree entered, and closed.

7.04    Determination of Secured Status of Junior Liens: Confirmation of this Plan shall conclusively determine the secured status of all junior liens encumbering property dealt with under this Plan as set forth in Article IV of this Plan or the order confirming the Plan. Within thirty (30) days of the date that the order confirming this Plan becomes final and non-appealable, the Plan Proponent may seek and obtain from the Bankruptcy Court separate recordable orders determining the secured status of each junior lien encumbering property dealt with under this Plan by citation to the order confirmation the Plan by omnibus motion to determine secured status of those junior liens. Alternatively, this Plan appoints Oleh Vaselov as the attorney-in-fact to execute satisfactions on behalf of each junior lienholder to be recorded in the official public records where each Property is situated.

7.05    Retention of Rights Against Original Obligors: Nothing in this Plan shall be construed to limit or otherwise alter the rights that each lienholder dealt with under this Plan may enjoy *in personam* against any obligor under any instrument, note, judgment, or any other evidence of indebtedness except to the extent that any obligor under any instrument, note, judgment, or any other evidence of indebtedness shall be entitled to an offset from the accelerated debt outstanding equal to the treatment provided for each lienholder under this Plan.

**ARTICLE 8**
**GENERAL PROVISIONS**

8.01    Definitions and Rules of Construction: The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan and as are generally understood.

8.02    Effective Date: The Plan Proponent will continue to operate as Debtor-in-Possession during the period from the date of the order confirming this Plan is entered (the "Confirmation Date") through and until the Effective Date, which will be fourteen (14) days after the Confirmation Date (the "Effective Date").

8.03    Severability: If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect: The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions: The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect: Unless a rule of law or procedure is supplied by Federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

**ARTICLE 9**
**DISCHARGE INJUNCTION AND LIMITS ON LIABILITY**

9.01    Discharge Upon Confirmation: Except as otherwise provided in the Plan or in the order confirming the Plan, confirmation of the Plan will invoke the discharge provisions of the Bankruptcy Code. All persons who have held, hold, or may hold claims against the Debtor (including without limitation claims for indemnity and/or contribution) shall be permanently enjoined on and after the Effective Date, subject to the occurrence of the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such claim against the Debtor or property of the Debtor, (ii) the enforcement,

attachment, collection, or recovery by any manner or means of any judgment, award, decree or order against the Debtor on account of any such claim, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such claim, (iv) asserting any rights of setoff, subordination, or recoupment of any kind against any obligation due from or against the Debtors or against the property or interest in property of or against the Debtor on account of any such claim, and (v) commencing or continuing in any manner, any action, or other proceeding of any kind with respect to claims and causes of action which are extinguished or released pursuant to the Plan.

9.02    <u>Injunction Regarding Formulation of the Plan</u>: As of the Effective Date, and except as may otherwise be expressly provided in the order confirming the Plan, all persons and entities shall be enjoined from asserting, directly or indirectly against the Debtor, or against any of the Debtor's agents, managers, employees, contractors, attorneys, beneficiaries, consultants, successors and assigns, any claim, cause of action or liability arising from or relating to any act, omission, representation, transaction or document, or other activity of any kind or nature, relating to the Debtor, the Debtor's property, the acquisition of the Debtor's property or any other cause or choice of action. In accordance with the foregoing, except as may be expressly provided in the order confirming the Plan, the order confirming the Plan will be a judicial determination of the discharge of all such claims, causes of action, and liabilities.

9.03    <u>Limits on Liability</u>: Further, the Debtor and its agents, managers, employees, contractors, attorneys, beneficiaries, consultants, successors and assigns shall have no liability whatsoever to any person or other entity for any act taken or omitted to be taken in good faith in connection with or related to the formulation, preparation, dissemination, implementation, confirmation, or

consummation of the Plan, the Disclosure Statement, or any document or instrument created or distributed in connection therewith.

> **NOTWITHSTANDING ANY OTHER PROVISION OF THE PLAN, NO HOLDER OF A CLAIM OR OTHER PARTY IN INTEREST, AND NO SUCCESSORS OR ASSIGNS OF THE FOREGOING, SHALL HAVE ANY CLAIM, CAUSE OF ACTION, OR OTHER LEGAL OR EQUITABLE RIGHT AGAINST THE DEBTOR, THE PROFESSIONALS RETAINED IN THE BANKRUPTCY CASE AND/OR ANY OF SUCH PARTIES' RESPECTIVE CURRENT ATTORNEYS, REPRESENTATIVES, FINANCIAL ADVISORS, OR AGENTS AND ANY OF SUCH PARTIES' SUCCESSORS AND ASSIGNS, FOR ANY ACT OR OMISSION FROM THE PETITION DATE THROUGH THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF THIS BANKRUPTCY CASE, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDR THE PLAN**

## ARTICLE X
## OTHER PROVISIONS

10.01   Payments: Payments to the various Classes under this Plan shall commence on the first day of the second month after the Effective Date of the Plan unless otherwise specifically stated in the Confirmation Order.

10.02   Avoidance Actions and Litigation: As Debtor-in-Possession, the Plan Proponent reserves the right to bring avoidance actions and continue litigation it is currently involved with against any party in interest.

10.03   Continued Exclusivity: The Debtor reserves the exclusive right to file amended plans beyond one-hundred and eighty (180) days after the Petition Date.

10.04   Continuing Jurisdiction: The Bankruptcy Court for the Middle District of Florida, Orlando Division, shall retain jurisdiction beyond confirmation of this Plan for the purposes of implementation of the Plan.

10.05   Termination of the Automatic Stay: The automatic stay provisions found in 11 U.S.C. § 362 (a) shall terminate, without further order of the Court, on the date that the deferred cash payments provided for under this Plan has commenced.

## ARTICLE 11
## CONFIRMATION BY "CRAMDOWN" IN ACCORDANCE WITH THE PROVISIONS OF 11 U.S.C. § 1129(b)

11.01   Debtor's Request for confirmation by "cramdown": Should the First Plan of Reorganization proposed herein fail to receive sufficient ballots to gain acceptance of the impaired classes of creditors, the Debtor hereby requests the Court consider confirmation by "cramdown" in accordance with the provisions of 11 U.S.C. §1129(b). This provision of the Plan of Reorganization constitutes the Debtor's request for such confirmation in accordance with 11 U.S.C. §1129(b) in the event the report of ballots discloses that the Debtor has not gained consent of all impaired classes of creditors.

Respectfully submitted on February 22, 2023.

By: /s/ Eric Morgan
Morgan Law, P.A.
Counsel for Plan Proponent

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Case Management Summary was furnished by electronic transmission and/or U.S. Mail, postage prepaid, to the parties listed on the attached creditor matrix this 22nd day of February, 2023.

/s/ Eric A. Morgan
Eric A. Morgan, Esq.
Florida Bar Number: 0021895
Morgan Law, P.A.
(321) 253-6223
2800 Aurora Rd, Ste. J

                                        Melbourne, Florida 32935
                                        SpaceCoastLawyer@gmail.com

```
Label Matrix for local noticing          Malibu Bay Homeowners Association Two, LLC    Grace E. Robson
113A-6                                   530-B HARKLE ROAD, STE 100                    Orlando
Case 6:22-bk-03852-GER                   Santa Fe, NM 87505-4739                       , FL
Middle District of Florida
Orlando
Thu Feb 23 20:04:17 EST 2023

U.S. Bank National Association, as Trustee f   7353 Lawn Tennis              Audrey M Aleskovsky
c/o Jeffrey S. Fraser                          Lane Land T                   Office of the United States Trustee
PO Box 23028                                   5684 Maverick Road            George C. Young Federal Building
Tampa, FL 33623-2028                           Middleburg, FL 32068-3076     400 West Washington St, Suite 1100
                                                                             Orlando, FL 32801-2210


Bank of America, N.A.                    Bank of America,N.A.               Bank of New York Mellon
c/o NewRez LLC                           8201 Peters Road,                  c/o Amina McNeil,Esq.
d/b/a Shellpoint Mortgage Servicing      Ste. 4000                          1313 NW 167th St
PO Box 10826                             Fort Lauderdale, FL 33324-3267     Miami, FL 33169-5739
Greenville, South Carolina 29603-0826


Broward 202029 Business Trus             Duval County Tax                   Florida Department of Revenue
2655 Ulmerton Road                       Collector                          Bankruptcy Unit
223                                      231 E. Forsyth                     Post Office Box 6668
Clearwater, FL 33762-3337                Street                             Tallahassee FL 32314-6668
                                         Jacksonville, FL 32202-3361


Internal Revenue Service                 Orange County Tax Collector        THE BANK OF NEW YORK MELLON
Post Office Box 7346                     PO Box 545100                      PO Box 10826
Philadelphia PA 19101-7346               Orlando FL 32854-5100              Greenville, SC 29603-0826


The Bank of New York Mellon et al        U.S. Bank National Association, as Trustee f   US Bank National Assoc.
c/o Seth Greenhill                       c/o Jeffrey S. Fraser, Esq.                    c/o Alberteli Law
Padgett Law Group                        Attorney for Secured Creditor                  P.O. Box 23028
6267 Old Water Oak Road, Suite 203       PO Box 23028                                   Tampa, FL 33623-2028
Tallahassee, FL 32312-3858               Tampa, FL 33623-2028


United States Trustee - ORL +            Eric A Morgan +                    Jeffrey S Fraser +
Office of the United States Trustee      Morgan Law PA                      Albertelli Law
George C Young Federal Building          2800 Aurora Road                   Post Office Box 23028
400 West Washington Street, Suite 1100   Suite J                            Tampa, FL 33623-2028
Orlando, FL 32801-2210                   Melbourne, FL 32935-2097


Seth J Greenhill +                       Note: Entries with a '+' at the end of the
Padgett Law Group                        name have an email address on file in CMECF
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312-3858
```

              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)The Bank of New York Mellon fka The Bank o    (d)Audrey M Aleskovsky +               End of Label Matrix
                                                 Office of the United States Trustee    Mailable recipients    22
                                                 George C. Young Federal Building       Bypassed recipients     2
                                                 400 West Washington St, Suite 1100     Total                  24
                                                 Orlando, FL 32801-2210
```